## HUNTINGTON v. RUSSELL and Others.

### No. 8257; November 20, 1885.

8 Pac. 511.

Contract to Carry on Business—Construction.—The agreement mentioned in the opinion construed, and held, that the defendant was not bound to carry on the business therein provided for for any particular time.

APPEAL from Superior Court, County of San Luis Obispo.

The intestate and defendant Russell were engaged in a partnership business. Said defendant purchased his partner's interest in the business for a specified price, and agreed to pay a further sum if, in the opinion of certain parties (the other defendants), the profits of the business justified him in so doing, the matter to be decided within three years. Defendant Russell soon after sold out the business, and the parties agreed on (the other defendants) decided that the profits did not justify such further payment. Plaintiff alleged such sale and decision to be a fraudulent conspiracy between the defendants. .

William Leviston and J. M. Wilcoxon for appellant; William J. Graves and Ernest Graves for respondents.

MYRICK, J.—There is nothing in the agreement made between Huntington and Russell by which Russell was bound to continue the business for any particular time; it was, in effect, that if he should carry it on with certain results, he would pay Huntington a certain sum. There is no fact stated in the complaint which shows that at the time Russell sold out the business it was sold for less than its then value, or that at that time it did not appear advisable to him and his codefendants to sell. The demurrer was properly sustained.

Judgment affirmed.

We concur: Thornton, J.; Morrison, C. J.